United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

-----------------------
No. 06-10150
Summary Calendar
-----------------------

JOSEPH TARANTINO

              Plaintiff - Appellant

      v.

DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC

              Defendant - Appellee

------------------------

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
No. 4:05-CV-569

------------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

      This suit grew out of the efforts of plaintiff-appellant

Joseph Tarantino to seek employment with defendant-appellee

DaimlerChrysler Financial Services Americas LLC ("DCS") in 2003.

The efforts were unsuccessful and Tarantino sued DCS in state

court in Texas, alleging that DCS owed Tarantino, as a

"prospective employee," a "duty to notify" him in a timely manner

---

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

that he was declined for employment.  The case was removed to federal court.  The district court dismissed Tarantino's complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim, holding that, under the facts alleged, DCS had no legal duty to Tarantino, as a prospective employee, under Texas law. The district court's Memorandum Opinion and Order addressed not only the facts alleged in Tarantino's complaint but also the facts set out in Tarantino's response to DCS's motion to dismiss, "[g]iving the plaintiff the benefit of every doubt."

On appeal, Tarantino's brief continues to claim that he could allege additional facts that would support an alternative theory of recovery, but (assuming arguendo that setting such facts out in his appellate brief would be timely) he fails to set out what those facts are.  The main focus of his brief, however, is on his argument that the district court abused its discretion in denying Tarantino's motion for leave to amend his pleading. DCS points out that Tarantino's only requested amendment was included in the "Request for Relief" section of his district court brief where he asked for permission to amend his complaint if the district court were to determine that he failed to state a claim.  Tarantino is correct that FED. R. CIV. P. 15(a) does allow a plaintiff to amend its pleading once as a matter of course at any time before a responsive pleading is filed.  His problem – and it is a fatal problem – is that he never furnished the district court with the substance of a proposed amendment other

2

than to allege more facts and legal theories in his brief, facts and theories which would not have prevented the dismissal of his case.  Under the circumstances, the district court did not err in failing to give Tarantino an opportunity to amend his pleading.  The theories he alludes to in his appellate brief would fare no better.

The judgment of the district court is AFFIRMED.